**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CITIBANK (SOUTH DAKOTA) N.A., et al.,

                Plaintiffs,

vs.                            Case No. 3:04-cv-1076-J-32MCR

NATIONAL ARBITRATION COUNCIL,
INC., et al.,

                Defendants.
_____ /

CHASE MANHATTAN BANK
USA, N.A.,
                Plaintiff,

vs.                            Case No. 3:04-cv-1205-J-20MCR

NATIONAL ARBITRATION COUNCIL,
INC., et al.,

                Defendants.
_____ /

## ORDER[1]

      This case is before the Court on Plaintiff Citibank (South Dakota) N.A. and

Citibank USA, National Association's ("Citibank") Motion for Attorney's Fees and

Costs (Doc. 86) and Plaintiff Chase Bank USA, N.A.'s ("Chase") Motion for Attorney's

_____

     [1]    Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

Fees and Costs (Doc. 95).  Defendants National Arbitration Counsel ("NAC") and Charles S. Morgan ("Morgan") did not file a response in opposition.

## I.    BACKGROUND

On September 19, 2006, this Court awarded summary judgment to Citibank and Chase on their respective claims against NAC and Morgan for tortious interference with contractual relationships and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").  (Doc. 81).  The Court also granted Citibank and Chase permanent injunctive relief under FDUTPA, Fla. Stat. § 501.211(1).

On October 4, 2006, the Court entered a Fed. R. Civ. P. 54(b) Judgment in favor of Citibank subsequent to Citibank's notice to the Court that it would not pursue damages.  (Docs. 83 & 84).  Chase sought its damages and on November 30, 2006, the Court held an evidentiary hearing to determine damages.  (Doc. 92).  On January 9, 2007, the Court issued an Order awarding Chase $307,051.00 in damages.  (Doc. 93).  On January 10, 2007, a Judgment entered in favor of Chase and against NAC and Morgan, jointly and severally, in this amount.  (Doc. 94).  NAC and Morgan did not appeal the Court's determination of liability in either case or the damages award in favor of Chase.  Citibank and Chase now seek their reasonable attorney's fees and recoverable costs under FDUTPA, Fla. Stat. § 501.2105, Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

## II.    DISCUSSION

### A.    Attorney's Fees Entitlement

Section 501.2105, Florida Statutes, provides, in pertinent part:

(1)    In any civil litigation resulting from an act or practice involving a violation of this part, ...the prevailing party, after judgment in the trial court and the exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party. ...

(4)    Any award of attorney's fees or costs shall become a part of the judgment and subject to execution as the law allows.

Prior to 1994, the prevailing party in a FDUTPA claim was mandatorily entitled to attorney's fees and costs from the non-prevailing party.  After the 1994 amendment, an award of such fees and costs is now in the discretion of the trial court.  See JES Properties, Inc. v. USA Equestrian, Inc., 432 F. Supp. 2d 1283, 1291 n. 13 (M.D. Fla. 2006) (citing Hubbel v. Aetna Cas. & Sur. Co., 758 So. 2d 94, 101 n. 10 (Fla. 2000) (Lewis, J., concurring in part and dissenting in part)).  The Florida Supreme Court follows the federal "lodestar" method to determine an appropriate attorney's fee; that is, finding the reasonable number of hours expended on the litigation and multiplying that by the reasonable hourly rate.  See  Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150-1151 (Fla. 1985).  After calculating the lodestar, "[the Court] may add or subtract from the fee based upon...the 'results obtained.'" Id. at 1151.  While NAC and Morgan did not file an opposition to the motion, that alone does not obviate the Court's duty to determine an appropriate lodestar amount.  Id.

-3-

Chase and Citibank prevailed on their FDUTPA claims and defendants did not file a notice of appeal within the applicable thirty day period subsequent to the Rule 54(b) judgment entered in favor of Citibank or the judgment entered in favor of Chase, see Fed. R. App. P. 4(a)(1)(A); thus the appellate process is concluded and the fees motions are ripe for adjudication.

The Court finds that because Citibank and Chase prevailed on their respective FDUTPA claims and NAC and Morgan's defenses to the FDUTPA claims were devoid of merit, Citibank and Chase are entitled to their reasonable attorney's fees and costs.

### B.    Citibank's Attorney's Fees and Costs

Citibank's counsel invested 694.5 hours in the case, but seeks an award for 483.3 hours after having excised certain billing entries; the 483.3 hours sought are for the FDUTPA count alone.  Citibank seeks attorney's fees and costs for the period spanning April 30, 2003 through June 21, 2006.  Supervising attorney, Douglas B. Brown, an attorney with thirty years experience, worked 88.2 hours on the case at an hourly rate of $238.00.  Senior Associate Monte S. Starr, admitted to the Florida Bar in 1999, worked 178.5 hours at an hourly rate of $166.00.  Associate Amy L. Christiansen, admitted to the Florida Bar in 2002, worked 43.0 hours at an hourly rate of $135.00.  Associates Kevin R. Gowen and Darren K. McCartney worked 13.0 and 44.8 hours respectively, both at an hourly rate of $112.00.  Based on the above hours worked and commensurate rates, Citibank's total requested attorney's fees are

$62,901.20.  The Court finds the hours expended and corresponding rates reasonable when compared with the prevailing rates in the Jacksonville, Florida market for this type of commercial case.  Thus, Citibank is entitled to its requested $62,901.20 in attorney's fees.

Citibank is also entitled to its recoverable costs pursuant to Fla. Stat. § 501.2105, Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.  Citibank claims $10,501.59 in costs.  While the Court notes the disparity in the costs claimed by Citibank and Chase, a vast majority of Citibank's costs are compensable under 28 U.S.C. § 1920. The Court, however, has excised the following costs because they are not compensable under that statute or the Court could not discern the precise nature of them: 1) 10/12/04 - $33.74 - Invoice to Rogers Towers law firm; 2) 5/1/2005 - $473.14 - AT&T Teleconference; 3) 11/27/04 - $7.53 - Rapid Boy Delivery; 4) 12/2/04 - $100.00 - mounting of posters.  The total excised amount of $614.41 is subtracted from the claimed amount of $10,501.59 for a total costs award of $9,887.18. Citibank's aggregate attorney's fees and costs award is $72,788.38.

## C.    Chase's Attorney's Fees and Costs

Chase's counsel invested a total of 241.30 hours into the FDUTPA claim spanning October 29, 2004 through January 10, 2007.  Supervising attorney Robert M. Quinn, an attorney with twenty-seven years of experience, worked 183.20 hours on the case; Chase seeks a rate of $315.00 per hour for 144.30 hours of Mr. Quinn's

work and $369.75 per hour for the remaining 38.90 hours of work.  Hywel Leonard, an attorney with twenty-eight years of experience, worked .30 hours on the case; Chase seeks an hourly rate of $315.00 for Mr. Leonard's work.   The following associate attorneys with Carlton Fields law firm also worked on the case and Chase seeks the corresponding rate for each attorney: (1) Danet Figg, admitted to the Florida Bar in 2003, worked .50 hours at an hourly rate of $207.00; (2) Shuman Sohrn, admitted to the Florida Bar in 2003, worked 53.40 hours at an hourly rate of $157.50; and (3) Min K. Cho, admitted to the Florida Bar in 2004, worked 3.90 hours at a blended hourly rate of $166.03.   The total requested lodestar amount is $69,093.92.

Based on the prevailing reasonable attorney fee rates in the Jacksonville, Florida legal market for this type of commercial case, the Court finds that for the combined 183.50 hours of work by firm shareholders Robert M. Quinn and Hywel Leonard, Chase is entitled to an hourly rate of $275.00.  For the remaining 57.80 hours of work by associate attorneys Sohrn, Cho and Figg, Chase is entitled to an hourly rate of 157.50.  While the Court makes some reduction to the hourly rates charged, the Court finds the amount of time spent on the FDUTPA claim (241.30 hours) to be entirely reasonable.  The adjusted lodestar amount is $59,566.00; Chase's attorney's fee award is for this amount.  Chase is also entitled to its claimed $249.00 in costs.  Chase's aggregate compensable attorney's fees and costs is

$59,815.00.

Accordingly, it is hereby **ORDERED**:

1.      Plaintiff   Citibank (South Dakota) N.A. and Citibank USA, National Association's Motion for Attorney's Fees and Costs (Doc. 86) is **GRANTED** to the extent set forth in the Order.   Citibank is entitled to an award of $62,901.20 in attorney's fees and $9,887.18 in taxable costs for a total award of $72,788.38.

2.      Plaintiff Chase Bank USA, N.A.'s ("Chase") Motion for Attorney's Fees and Costs (Doc. 95) is **GRANTED** to the extent set forth in the Order.   Chase is entitled to an award of $59,566.00 in attorney's fees and $249.00 in taxable costs for a total award of $59,815.00.

3.      Post-judgment interest on these awards is awarded pursuant to 28 U.S.C. § 1961 and will begin accruing upon entry of judgment.

4.      The Court will enter separate judgments based on the fees and costs awards in favor of Citibank and Chase.   Pursuant to Fla. Stat. § 501.2105(4), these judgments will become part of the previous judgments entered in this case in Chase and Citibank's favor.

**DONE AND ORDERED** at Jacksonville, Florida this <u>26th</u> day of April, 2007.


TIMOTHY J. CORRIGAN
United States District Judge


t
Copies: Counsel of Record